DOWNEY, Judge.
Appellant S.D.A. Corporation (S.D.A.) sought to foreclose a second mortgage on a condominium unit against the owner, Fas-tiggi. Appellee, Loch Lomond Condominium Association (the Association), was added as a party defendant because it claimed an assessment lien against the unit. In its answer and affirmative defenses, the Association alleged that S.D.A. had no interest in the property to foreclose on since S.D.A. had assigned the second mortgage to 31104 Corporation (31104) prior to adding the Association as a defendant. Subsequently, the Association counterclaimed and cross-claimed against S.D.A., 31104, the assign-ee, and codefendant Fastiggi contending that the second mortgage was invalid because it violated the Declaration of Condominium. S.D.A. never filed any responsive pleading to this counterclaim, however, in due course, 31104 moved to be substituted *1038 as party plaintiff in the cause in place of S.D.A. and on January 24,1984, an order of substitution was entered. On February 1, 1984, 81104 filed a motion to dismiss the Association’s cross-claim. From the subsequent final default judgment entered against S.D.A. in favor of the Association this appeal has been perfected.
After considering the subject matter of the respective pleadings of the named parties, we believe the substitution of 31104 for S.D.A. as party plaintiff effectively substituted 31104 for S.D.A. in all respects because the claims and defenses of the Association and S.D.A. on the one hand, and the Association and 31104 on the other hand, were identical. Accordingly, it appears substantial justice would be accomplished by reversing the default judgment against S.D.A.
REVERSED AND REMANDED with directions.
LETTS and HURLEY, JJ., concur.